MMAA, LLC, M AND A LOANS, LLC, AND MICHAEL KIRSCHMAN

VERSUS

ARCHON INFORMATION SYSTEMS, LLC AND BRYAN P. BARRIOS

NO. 25-C-329

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

September 08, 2025

Linda Tran
First Deputy Clerk

IN RE MMAA, LLC, M&A LOANS, LLC, AND MICHAEL KIRSCHMAN

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 857-105

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

MMAA, LLC, M and A Loans, LLC, and Michael Kirschman (collectively, plaintiffs) seek supervisory review of the trial court's judgment of June 23, 2025, which denied plaintiffs' *Motion for Summary Relief on Collateral by Rule to Show Cause* ("*Motion for Summary Relief*"). Plaintiffs sought relief by summary proceeding under La. R.S. 10:9-607(f), requesting both delivery *and* endorsement of the membership certificates of Archon Information Systems, LLC ("Archon"). [Emphasis added.] Defendants, Archon and Bryan P. Barrios, pledged the membership certificates as collateral for loans that defendants allegedly defaulted on. Plaintiffs assert three assignments of error: (1) the trial court erred in denying their motion because they have the right to seek delivery and possession of pledged collateral by summary proceeding; (2) the trial court erred in applying Louisiana law to the inner workings of Archon, a Delaware LLC; and (3) La. R.S. 10:9-607 authorizes them to summarily obtain documents that would enable them to exercise rights to the pledged collateral.

For the reasons that follow, we deny the writ application.

La. R.S. 10:9-607(f) provides a procedural vehicle for seeking either delivery or endorsement of instruments. It does not require a trial court to do both. And it does not determine the substantive effect of such delivery or endorsement. Those effects depend on the applicable law and the operating agreement of the limited liability company. Thus, it is important to note at the outset that the trial court did not find that La. R.S. 10:9-607 barred a summary proceeding in this case. To the contrary, it held a two-day evidentiary hearing, heard from witnesses, accepted evidence, and made multiple findings. Ultimately though, the trial court denied the requested relief because plaintiffs failed to provide sufficient evidence

for the trial court to determine whether endorsement would conflict with Louisiana's substantive law or the legal findings articulated by this Court in *AOK Property Investments, LLC v. Boudreaux*, 20-237 (La. App. 5 Cir. 12/9/20), 308 So.3d 1214, *writ denied*, 21-002 (La. 3/2/21), 311 So.3d 1051.

In *AOK Property Investments, LLC*, we distinguished between financial and management rights in limited liability company interests, explaining that security interests grant "only the member's financial rights" while "the original member retains management rights and powers." *Id.* at 1217. Specifically, we first recognized that:

> … La. R.S. 12:1332 states that, except otherwise provided in the articles of organization or a written operating agreement, an assignee of an LLC shall not become a member or participate in the management of the LLC; and, until the assignee of an interest in an LLC becomes a member, the assignor shall continue to be a member and shall not be released from his liability to the LLC under La. R.S. 12:1322 and 1328.

*Id.* And concluded:

> The one feature of the LLC system that poses a special issue is its treatment of creditors. Judgment creditors of an LLC member may not cause the debtor's member's LLC interest to be seized and sold in the ordinary way that most assets of a judgment debtor may be seized. ***Judgment creditors are entitled only to obtain a "charge" against an LLC member's interest***, and this charge entitles the charging creditor only to be treated as an assignee.

*Id.* [Emphasis in original.]

Additionally, La. R.S. 10:9-607(f) provides that a "secured party may proceed by summary process against the debtor to obtain any instrument … in order to exercise its rights under this Chapter *or* to obtain the endorsement of the debtor to any instrument or other document." [Emphasis added.]

And although plaintiffs now claim that they seek only possession of the certificates, they have stated on numerous occasions that they seek delivery *and* endorsement of the membership certificates of Archon, arguing that endorsement is essential to "effectively exercise" their rights. In fact, in their post-trial brief, they "re-urge[d] [the trial] Court to recognize their rights in the membership and ownership interests in Archon Information Systems, LLC ("Archon") – corporeal or incorporeal – which were pledged as collateral by Bryan P. Barrios ("Barrios") and pray that this Court render a judgment ordering that the Kirschman Parties be and are put in possession of all such interests..."

Plaintiffs also argue that Delaware law should apply and that such an application supports its position. But they omitted key statutory language, which could be considered a material misrepresentation and thus sanctionable.[1] Even if we were to consider Delaware law here, plaintiffs' request for full control of

---

[1] Plaintiffs are hereby admonished and reminded of their obligations of candor to this Court.

Archon through endorsement would still fail absent specific operating agreement language.[2]

Thus, after considering the law and arguments, we cannot say that the trial court erred when it declined to order defendants to endorse the Archon membership certificates and deliver them to the plaintiffs. The trial court clearly stated that without the operating agreement, it could not determine what rights, if any, an endorsement would confer. And without it, the trial court could not properly evaluate what relief was necessary or appropriate for plaintiffs to "effectively exercise" their rights. As the trial court noted, plaintiffs' failure to introduce the operating agreement was fatal to their claim. We agree.

Accordingly, the writ is denied.

Gretna, Louisiana, this 8th day of September, 2025.

**SUS**
**JGG**
**MEJ**

---

[2] In the writ, plaintiffs cited Delaware's Limited Liability Company Act, Del. Code Tit. 6, § 18-704(a)(3), as providing:

"an assignee of a limited liability company interest becomes a member . . . upon the voluntary assignment by the sole member of the limited liability company of all of the limited liability company interests in the limited liability company to a single assignee. An assignment will be voluntary for purposes of this subsection if it is consented to by the member at the time of the assignment and is not effected by foreclosure or other similar legal process."

However, this portion of the statute provides in full as follows:

(a) An assignee of a limited liability company interest becomes a member:

. . .

(3) *Unless otherwise provided in the limited liability company agreement by a specific reference to this subsection or otherwise provided in connection with the assignment,* upon the voluntary assignment by the sole member of the limited liability company of all of the limited liability company interests in the limited liability company to a single assignee. An assignment will be voluntary for purposes of this subsection if it is consented to by the member at the time of the assignment and is not effected by foreclosure or other similar legal process. [Emphasis added.]

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/08/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-329**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
James M. Garner (Respondent)

J. Geoffrey Ormsby (Relator)

### MAILED
John C. Walsh (Relator)
Attorney at Law
201 St. Charles Avenue
Suite 3702
New Orleans, LA 70170

Ryan D. Adams (Respondent)
Stuart D. Kottle (Respondent)
David A. Freedman (Respondent)
Attorneys at Law
909 Poydras Street
28th Floor
New Orleans, LA 70112

Nicholas J. Zeringue (Respondent)
A. Catharina Vastbinder (Respondent)
Attorneys at Law
Post Office Box 759
Thibodaux, LA 70302